```
                    UNITED STATES DISTRICT COURT

                         DISTRICT OF HAWAII

MILES THOMAS,                      CIV. NO. 24-00347 LEK-KJM

              Plaintiff,

     vs.

WAIANAE COAST COMPREHENSIVE,
JUSTIN DIEGO, PATRICK MURRAY,
SHIRLEY TAMORIA,

              Defendants.
```

**ORDER: DISMISSING PLAINTIFF'S COMPLAINT FOR A CIVIL CASE WITH LEAVE TO AMEND; AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On August 12, 2024, pro se Plaintiff Miles Thomas ("Plaintiff") filed the Complaint for a Civil Case ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 3.] For the reasons set forth below, the Complaint is dismissed without prejudice, and this Court will reserve ruling on the Application. In other words, Plaintiff will be allowed to file an amended complaint to try to cure the defects in the Complaint that are identified in this Order, and this Court will rule on the Application if any portion of the amended complaint survives the screening process. Plaintiff's amended complaint must be filed by **November 18, 2024.**

**STANDARD**

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[1] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per

---

[1] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

> curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted).

3

**DISCUSSION**

**I.    Jurisdiction**

Federal courts are presumed to lack subject matter jurisdiction, and the party asserting jurisdiction bears the burden of establishing that subject matter jurisdiction is proper. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Even liberally construing Plaintiff's Complaint, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), it fails to allege facts to establish subject matter jurisdiction.

Plaintiff alleges that "Waianae Coast Comprehensive [Health Center] and staff" engaged in malpractice and negligence by ignoring signs of complications, failing to properly advise Plaintiff, falsifying medical records, under-prescribing medication, misdiagnosis, and improper treatment. Complaint at pg. 5; see id. at pgs. 5-6. Plaintiff alleges this resulted in injury, including loss of quality of life, loss of wages, and pain and suffering. [Id. at pg. 6.] These allegations appear to raise claims only under state law, even though Plaintiff checked the box on the Complaint stating "federal question" as the basis for jurisdiction. See id. at pg. 4; id. at pg. 6 (alleging malpractice and negligence). Notably, Plaintiff left the section of the complaint blank that directed Plaintiff to "[l]ist the specific federal statutes, federal treaties, and/or provisions

4

of the United States Constitution that are at issue in this case." See id. at 4. Therefore, the Court concludes that Plaintiff has not established jurisdiction based on a federal question. See 28 U.S.C. § 1331.

Nor does Plaintiff allege or establish diversity jurisdiction.

> Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. Williams v. United Airlines, Inc., 500 F.3d 1019, 1025 (9th Cir. 2007) (citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005)); Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

Clark v. Trisler, CIVIL NO. 22-00559 JAO-KJM, 2023 WL 11884356, at *1 (D. Hawai`i Jan. 10, 2023). An individual who is a citizen of the United States is a citizen of her state of domicile, meaning where "she resides with the intention to remain or to which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted). On the other hand, a corporation is a citizen of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C.

5

§ 1332(c)(1)). In contrast, a limited liability company ("LLC") "is a citizen of every state of which its owners/members are citizens." Id.

First, the Complaint does not include allegations regarding the citizenship of any of the parties. Diversity of citizenship appears to be lacking because Plaintiff appears to reside in Hawai`i, as do all of the individual defendants. See Complaint at pgs. 2-3 (listing addresses). The Court cannot determine the citizenship of Waianae Coast Comprehensive solely based on the address listed because it is not clear what type of entity it is (e.g., an LLC or corporation). Therefore, the Court must dismiss the Complaint for lack of jurisdiction. See In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 546 F.3d 981, 984-85 (9th Cir. 2008) ("Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." (citation omitted)).

A.  **Leave to Amend**

While the Court has considerable doubts as to whether Plaintiff will be able to amend the Complaint to sufficiently allege subject matter jurisdiction, because it is arguably possible for Plaintiff to do so, dismissal is with leave to amend. See Lucas, 66 F.3d at 248.

6

If Plaintiff should so choose, Plaintiff may attempt to remedy the deficiencies in the Complaint by filing an amended complaint. To do so, Plaintiff's amended complaint must explain the specific basis for the Court's jurisdiction. If Plaintiff intends to proceed on claims under state law, such as medical malpractice or nuisance, he must allege the citizenship of all the parties in the action, and allege the amount in controversy exceeds $75,000.

Plaintiff cannot incorporate any part of his original Complaint into the amended complaint by referring to the original Complaint. Plaintiff is cautioned that, if he fails to file his amended complaint by the deadline in this Order, or if the amended complaint fails to cure the defects identified in this Order, his claims will be dismissed with prejudice — in other words, without leave to amend. Plaintiff would then have no remaining claims in this case, and the Clerk's Office would be directed to close the case.

## II. **Application**

Insofar as the Complaint has been dismissed with leave to amend, the Court declines to rule on the Application at this time. The Court reserves ruling on the Application until Plaintiff files an amended complaint. If any portion of Plaintiff's amended complaint survives the screening process, the Court will then rule upon the Application and address

7

whether Plaintiff is entitled to proceed without prepaying fees and costs.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Complaint for a Civil Case, filed August 12, 2024, is HEREBY DISMISSED. The dismissal is with leave to file an amended complaint that cures the defects identified in this Order. Plaintiff is GRANTED leave to file an amended complaint by **November 18, 2024.** The amended complaint must comply with the terms of this Order.

In addition, the Court RESERVES RULING on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed August 12, 2024. If Plaintiff chooses to file an amended complaint, and at least a portion of it survives the screening process, the merits of the Application will be addressed. Until Plaintiff files an amended pleading, he should not file any other documents in this action.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 17, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

MILES THOMAS VS. WAIANAE COAST COMPREHENSIVE, ET AL; CV 24-00347 LEK-KJM; ORDER: DISMISSING PLAINTIFF'S COMPLAINT FOR A CIVIL CASE WITH LEAVE TO AMEND; AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES AND COSTS